**In re George S. RUSH, d/b/a Rush Engineers, Debtor.**

**Bankruptcy No. 80–04078.**

United States Bankruptcy Court, N. D. Alabama.

Nov. 18, 1980.

Thomas J. Knight, Anniston, Ala., for debtor.

Robert C. Dillon, Anniston, Ala., David B. Anderson, Birmingham, Ala., for petitioning creditors.

ORDER GRANTING, IN PART, MOTION TO REQUIRE DEBTOR TO FILE A BOND TO INDEMNIFY THE ESTATE AND ORDER ENJOINING DEBTOR FROM COMMITTING WASTE

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

At Anniston, Alabama, on November 17, 1980, after notice to counsel for the debtor and for the petitioning creditors, in the above–styled case, filed and pending under Section 303 and Chapter 7, Title 11, United States Code, a hearing was held before the Court upon the motion by the petitioning creditors for the Court to require the debtor to file a bond in the sum of $3,000,000.00 to indemnify the estate against loss, pursuant to Section 303(f) of said Title 11; and, after hearing the arguments of counsel and duly considering said motion, the bankruptcy judge found that said motion was well taken to the extent hereinafter granted and

that, as a part of the relief under said motion, the debtor should be enjoined from committing waste of the estate or causing a loss to or of the property of the estate through negligence or indifference or bad faith on his part, all as a condition to the debtor's continuing to operate his business and to use, acquire, or dispose of property, pursuant to Section 303(f); therefore, and for good cause shown or found, it is ORDERED by the Court as follows:

1. Except as hereinafter granted, said motion is denied;

2. The debtor is directed and required to make and file herein, forthwith, a bond in the sum of $200,000.00, with adequate surety thereon, conditioned to indemnify the estate in the event that an order for relief is entered in this case under Title 11 of the United States Code, against loss, depletion, or diminution of the property or assets of the estate in this case by any negligent, indifferent, or willful act of the debtor in making or committing any fraudulent transfer, gift, neglect, or other handling or transfer not done in good faith of or with respect to such assets or property;

3. Said debtor, George S. Rush, is restrained and prohibited during the pendency of this case from doing any act and from failing to do any act which would constitute a breach of the condition of said bond; and

4. Two copies of this order shall be sent through the United States mails to Thomas J. Knight, Esquire, who is directed and required to deliver, forthwith, a copy of this order to the said debtor, a copy of this order shall be mailed to Robert C. Dillon, Esquire, and the foregoing shall be sufficient service and notice hereof.